O  NAL

Anna Y. Park (CA SBN 164242)
Derek W. Li (CA SBN 150122)
Amrita Mallik (CA SBN 249152)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CAROL A. STATKUS
Assistant United States Attorney
United States Attorney's Office
for the District of Wyoming
2120 Capitol Avenue – 4th Floor
Cheyenne, WY 82001
Telephone: (307) 772-2124
Email: Carol.Statkus@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 11 2009

Stephan Harris, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HD SUPPLY, INC., and DOES 1-10, Inclusive,<br><br>Defendant(s). | Civil Action No.: 09CV 0485<br><br>**COMPLAINT – TITLE VII CIVIL RIGHTS**<br>• **HOSTILE WORK ENVIRONMENT BASED ON SEX (FEMALE)**<br>• **RETALIATION**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and retaliation, and to provide appropriate relief to Charging Party Donna Morfeld ("Charging Party") who was adversely affected by such practices. Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendants discriminated against the Charging Party through constant harassment on the basis of sex (female). The Commission further alleges that Defendants were aware of the discriminatory conduct but failed to take adequate steps to prevent it from continuing, resulting in a hostile work environment. The Commission further contends that defendants subjected Charging Party to retaliation in the form of continuing and increased harassment after she complained about the discriminatory conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Wyoming.

## PARTIES

4. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times alleged herein, Defendant HD Supply, Inc. ("Defendant HD Supply") has been continuously doing business in the State of Wyoming and the City of Gillette. Defendant HD Supply has employed at least fifteen (15) employees.

6. At all relevant times alleged herein, Defendant HD Supply has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff lacks information as to the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

///
///

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the EEOC alleging violation of Title VII by Defendant HD Supply. The EEOC issued a Letter of Determination finding that the Charging Party had been subjected to unlawful employment discrimination based upon her sex, female, of harassment and retaliation in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least on or about April 2005, Defendants have engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting the Charging Party to employment discrimination based on her sex, female. The unlawful sexual harassment and sex based harassment in the form of verbal harassment, sexually explicit language, unwelcome sexual advances, and inappropriate and unwelcome touching adversely impacted the terms and conditions of the Charging Party's employment and created a hostile working environment.

11. Since at least on or about April 2005, Defendants have engaged in unlawful employment practices in violation of § 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against the Charging Party by increased harassment for engaging in a protected activity, when she complained about the harassment, the specific individuals who harassed her, and the increasingly hostile work environment.

12. The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect

her status as an employee, because of her sex, female, under § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

15. Defendants have acted with malice or reckless indifference to the federally protected rights of the Charging Party by subjecting her to discrimination and harassment consisting of sexually charged conduct, unwelcome and uninvited sexual contact, sexual comments, and sexual jokes on a near daily basis. In addition, the Charging Party was retaliated against when she tried to make a complaint.

16. As a direct and proximate result of the aforesaid acts of Defendants, the Charging Party has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, according to proof.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex or retaliating against any individual for attempting to protect his or her rights and engaging in a protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all persons regardless of sex and which will eradicate the effects of its past and present unlawful employment practices.

1      C. Order Defendants to make whole the Charging Party by providing
2 appropriate back pay with prejudgment interest, in amounts to be determined at
3 trial, and other affirmative relief necessary to eradicate the effects of its unlawful
4 employment practices, including, but not limited to, discrimination on the basis of
5 sex.
6      D. Order Defendants to make whole the Charging Party by providing
7 compensation for past and future pecuniary losses resulting from the unlawful
8 employment practices described above, in an amount to be determined at trial.
9      E. Order Defendants to make whole the Charging Party by providing
10 compensation for past and future nonpecuniary losses resulting from the unlawful
11 practices complained of above, including, but not limited to emotional pain,
12 suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount
13 to be determined at trial.
14      F. Order Defendants to pay the Charging Party punitive damages for their
15 malicious and reckless conduct based on the facts above, in an amount to be
16 determined at trial.
17      G. Grant such further relief as the Court deems just and proper in the
18 public interest.
19      H. Award the Commission its costs of this action.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Anna Y. Park
Regional Attorney

Date: ~~February~~ March 5, 2009        By: _____
                                          Anna Y. Park
                                          Regional Attorney
                                          Attorneys for Plaintiff

-7-